# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

LARRY HARPER                                                                    PLAINTIFF

v.                                                                          No. 4:06CV83-D-A

DR. THOMAS LEHMAN, ET AL.                                                      DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Larry Harper, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court finds that the plaintiff was incarcerated when he filed this suit. The plaintiff alleges that the defendants have violated the Eighth Amendment prohibition against cruel and unusual punishment by changing the treatment of his medical condition. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

The plaintiff has a common heart condition known as atrial fibrillation. He had been treated for this condition for some time with the medication Digoxin. Dr. Lehman, who is the plaintiff's physician for the heart condition, decided that the newer drug Coumadin (a blood thinner) would be a more appropriate treatment. After the plaintiff had been taking Coumadin for approximately nine weeks, the pharmacy at the Mississippi State Penitentiary began having trouble delivering the plaintiff's medicine (Coumadin) to him. The plaintiff was worried about the effects of taking Coumadin intermittently, so he studied some literature on the drug and became alarmed at the potential side effects – whether he took the drug continuously or

intermittently. The plaintiff's medical classification had also been reduced from Class II to Class III based upon the Coumadin treatment. The practical effect of this reclassification was that the plaintiff would spend the overwhelming majority of his time in his cell because he is no longer classified to hold a prison job.

For these reasons, the plaintiff decided he did not want to take Coumadin any more. He filed a grievance with the Administrative Remedy Program seeking to have Dr. Lehman alter the plaintiff's treatment by prescribing Digoxin again. The grievance was denied. The plaintiff now seeks relief in this court.

**Denial of Medical Treatment**

In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a

court from the obviousness of the substantial risk. *Id*. Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). A prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

The plaintiff admits in his grievance and his complaint that he has not suffered any ill effects either from his treatment with Coumadin or its occasional unavailability. Indeed, the plaintiff has refused Coumadin as his treatment because he would prefer to take Digoxin. As stated above, however, the plaintiff's mere disagreement with the medical treatment prescribed does not state a constitutional claim. The plaintiff has sought and received medical treatment for his condition. He simply disagrees with the treatment regimen. As such, the instant case shall be dismissed with prejudice for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 12th day of July, 2006.

/s/ Glen H. Davidson
CHIEF JUDGE